**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CARLOS J. WILLIAMS,**

                      **Petitioner,**

          v.                                     **CASE NO. 21-3163-SAC**

**STATE OF KANSAS,**

                      **Respondent.**

**MEMORANDUM AND ORDER**

On July 19, 2021, Petitioner, who proceeds pro se, filed a pleading with this Court titled "Motion for Change of Venue." (Doc. 1.) A "pro se petition before the district court is entitled to a liberal construction," and the Court construes the pleading as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *See Childers v. Crow*, 1 F.4th 792, 798 (2021). The Court has conducted an initial review of the Petition and for the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed without prejudice.

**Background**

Petitioner is a pretrial detainee and his grounds for relief involve alleged violations of his rights that occurred in his state criminal proceedings. (Doc. 1, p. 1-2.) He alleges multiple violations of state and federal statutes, the United States Constitution, the Kansas Constitution Bill of Rights, the Federal Rules of Criminal Procedure, and the Universal Declaration of Human Rights. *Id.* Petitioner asks this Court to order a change of venue for his state criminal proceedings. *Id.* at 1.

**Discussion**

A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."). To satisfy this exhaustion requirement, Petitioner must have presented the very issues raised in the petition currently before the Court to the Kansas appellate courts. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B. Petitioner has the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). It appears petitioner presented his arguments to the state district court, but it does not appear he has sought relief from the state appellate courts.

In addition, even if Petitioner has properly exhausted available state court remedies, a federal court normally is prohibited from interfering in an ongoing state criminal case. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 )10th Cir. 1997). These conditions are satisfied here, since the state criminal case against Petitioner is ongoing, the State of Kansas has an important interest in prosecuting crimes

charging the violation of Kansas laws, and the state courts provide petitioner the opportunity to present his challenges, including his federal constitutional claims. Thus, under the *Younger* abstention doctrine, the Court has no authority to issue an order directing a change of venue in Petitioner's state criminal proceedings. *See Roudybush v. Kansas*, 2017 WL 3232957, *5 (D. Kan. July 31, 2017).

**Certificate of Appealability**

Where a federal court enters a ruling in a habeas action that is adverse to a state prisoner, the court must consider whether the petitioner is entitled to a certificate of appealability. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Winn v. Cook*, 945 F.3d 1253, 1257 (10th Cir. 2019).

**IT IS THEREFORE ORDERED** that the petition for habeas corpus (Doc. 1) is **dismissed** without prejudice.

**IT IS FURTHER ORDERED THAT** no certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 20th day of July, 2021, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge